UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MYRON D. PARSONS,

        Plaintiff,

v.

                                                  CIVIL ACTION NO. 5:25-cv-00708

UNITED STATES,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending are Petitioner Myron Parsons's *pro se* Objections to the Proposed Findings and Recommendations ("PF&R") [ECF 20], filed June 8, 2026. The Government responded on June 22, 2026. [ECF 21]. Mr. Parsons replied on July 7, 2026. [ECF 22]. The matter is ready for adjudication.

**I.**

This action was previously referred to Magistrate Judge Aboulhosn, for submission of a PF&R. Magistrate Judge Aboulhosn filed his PF&R on May 21, 2026, [ECF 19], in which he addressed Mr. Parsons's claims under the Federal Torts Claim Act ("FTCA"). [*Id.* at 7]. Magistrate Judge Aboulhosn recommended the Court grant Defendant's "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" [ECF 8], and remove this matter from the Court's docket. [ECF 19 at 18]. Mr. Parsons timely objected to the PF&R on June 4, 2026. [ECF 20].[1]

---

[1] Mr. Parsons filed a reply to the United States on July 7, 2026, dated June 29, 2026, and postmarked July 1, 2026. [ECF 22]. While untimely, the Court will nonetheless consider the filing.

## II.

Under *Federal Rule of Civil Procedure* 72(b), "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). A district judge is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In particular, "a general objection . . . is insufficient to avoid waiver." *Page v. Lee*, 337 F.3d 411, 416 n.3 (4th Cir. 2003) (explaining "other circuits have held that the failure to raise an objection sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute waives any appellate review") (internal quotations omitted)); see also *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988). A court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When assessing pro se objections, a court must "liberally construe [the] objections while maintaining constitutional limitations on a magistrate's authority." *Elijah v. Dunbar*, 66 F.4th 454, 461 (4th Cir. 2023).

Mr. Parsons has made two objections to the PF&R, (1) to the conclusion that his excessive force claim is not cognizable, and (2) to the conclusion he failed to timely exhaust his administrative remedies.

## III.

### A. Constitutional Violations Under the FTCA

Mr. Parsons first objects to the PF&R's conclusion that Mr. Parsons' Fourth Amendment excessive force claim is not cognizable under the FTCA. [ECF 20 at 1]. Mr. Parsons contends he pled a "negligence" claim for the United States Marshal Service's improper use of

deadly force. [*Id.*]. As thoroughly explained by Magistrate Judge Aboulhosn, claims for constitutional violations are not cognizable under the FTCA. [ECF 19 at 7–8]; *See also F.D.I.C. v. Meyer*, 510 U.S. 471, 477–78 (1994) (noting that for a claim "to be actionable under § 1346(b), a claim must allege, *inter alia,* that the United States 'would be liable to the claimant' as 'a private person' 'in accordance with the law of the place where the act or omission occurred.'" (quoting 28 U.S.C. § 1346(b))). Though Mr. Parsons maintains he strictly pled a "negligence" claim under the FTCA [ECF 20 at 2], the PF&R correctly concluded Mr. Parsons's FTCA claim included a constitutional claim of excessive force in violation of the Fourth Amendment. [*See* ECF 19 at 8]; *see also Carlson v. Green*, 446 U.S. 14, 23 ("The question whether respondent's action for violations by federal officials of federal constitutional rights should be left to the vagaries of the laws of the several States admits of only a negative answer in the absence of a contrary congressional resolution."). Crucially, Mr. Parsons' complaint states "Plaintiff bases his claim on the Fourth Amendment U.S. Constitutional Right to be free from excessive force by law enforcement. He submits this claim as a 'Negligence' FTCA action." [ECF 2 ¶ 16]. Further, his prayer for relief requests "[a] declara[tion] that the acts described herein violated Plaintiff's rights under the Constitution and laws of the United States and West Virginia." [*Id*. ¶ 26]. The PF&R recommends dismissal of these claims inasmuch as Mr. Parsons brings constitutional claims under the FTCA. Accordingly, the Court finds no error in the PF&R's recommendation that the *constitutional* elements of the claims brought under the FTCA be dismissed. Mr. Parsons' objection to the PF&R's conclusion regarding his FTCA claim is **OVERRULED**.

## B. Failure to Timely Exhaust

Mr. Parsons next objects to the finding that he failed to timely exhaust his available administrative remedies, warranting dismissal of his FTCA claim. [ECF 20 at 3].  Specifically, Mr.

Parsons appears to maintain he lacked the ability to "comprehend and appreciate" the nature and origins of his injury in the days following the event, and thus, his claim did not accrue until "at minimum November 14th, 2022." [*Id.*]. He further asserts he is entitled to equitable tolling due to his alleged "incapacitation" and "incompetence" after being shot. [*Id.*].

The FTCA "provides that a tort claim against the United States 'shall be forever barred' unless it is presented to the 'appropriate Federal agency within two years after such claim accrues[.]'" *United States v. Wong*, 575 U.S. 402, 405 (2015) (quoting 28 U.S.C. § 2401(b)). However, "equitable tolling is available in suits against the Government" pursuant to the FTCA. *Id.* at 412 (citing *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 95 (1990)) (concluding the FTCA's statute of limitations does not present a jurisdictional bar and permits tolling "on equitable grounds").

The Magistrate Judge first concluded Mr. Parsons's claim accrued on November 10, 2022, the date of the shooting; thus, his deadline to present a claim to the United States Marshal Service would be November 10, 2024.[2] [ECF 19 at 14]. "[A] cause of action accrues when the plaintiff possesses sufficient facts about the harm done to [him] that reasonable inquiry will reveal [his] cause of action." *Reid v. James Madison Univ.*, 90 F.4th 311, 319 (4th Cir. 2024) (quoting *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995)). "[F]or a cause of action to accrue, it is critical that the plaintiff know that he has been hurt and who inflicted the injury." *Nasim*, 64 F.3d at 955; *see also Gould v. U.S. Dep't of Health & Hum. Servs.*, 905 F.2d 738, 742

---

[2] As explained by Magistrate Judge Aboulhosn, inmates must exhaust the administrative process prior to filing a complaint for a violation of the FTCA. [ECF 19 at 13 n.4]. As it pertains to Mr. Parsons's claim, the process includes (1) presenting an administrative claim for the alleged injury on a Standard Form 95 to the U.S. Marshals Office, (2) engaging in attempts to informally resolve the claim, and (3) instituting a district court action within six months of agency denial. [*Id.* (citing 28 C.F.R. §§ 14.1–.11)].

(4th Cir. 1990) ("[A] claim accrues within the meaning of § 2401(b) when the plaintiff knows or, in the exercise of due diligence, should have known both the existence and the cause of his injury."). Moreover, "[a]ccrual of a claim does not 'await awareness by the plaintiff that his injury was negligently inflicted.'" *Nasim*, 64 F.3d at 955 (quoting *Kubrick*, 444 U.S. at 123).

Mr. Parsons' claim accrued on November 10, 2022, inasmuch as he was aware both of the existence of his injuries and their cause. [ECF 2-1 at 6]. Specifically, Mr. Parsons' Standard Form 95 states "[a]fter the claimant was [severely] shot and incapacitated, these same U.S. Marshals proceeded to stomp and beat the claimant and his co-defendant[.]" [*Id.*]. This assertion indicates Mr. Parsons was conscious when he was shot and aware of those individuals present who caused his injuries -- despite his later sedation. Additionally, the Government notes his medical records indicate he arrived to the hospital "awake, alert, and confused." [ECF 18 at 6]. Thus, the Court is unpersuaded that Mr. Parsons lacked sufficient facts about his injuries on November 10, 2022.

Moreover, Mr. Parsons' contention he neither understood the extent of his injuries nor their exact cause, [ECF 22 at 3], is of little value inasmuch as knowledge of an injury and its cause is not predicated on awareness of whether the act was negligent. *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995). Indeed, Mr. Parsons possessed sufficient facts to prompt an inquiry into the specific event that caused his injury. Mr. Parsons was not rendered immediately unconscious from the gunshot wound and was not intubated until November 14, 2022. [ECF 19 at 16]; *C.f. Pardy v. United States*, 575 F. Supp. 1078, 1080 (S.D. Ill. 1983) (concluding petitioner's claim did not accrue until petitioner regained consciousness after being immediately rendered into a coma by defendant's negligence); *Díaz v. Rivera*, 217 F. Supp. 3d 464, 468 (D.P.R. 2016) ("Here, applying federal law, Plaintiff knew of his injury on either July 21, 2012

(the day he was shot by Agent Jimenez) or July 23, 2012 (the day Plaintiff woke up in the hospital).").

Inasmuch as Mr. Parsons was aware of his injuries and their cause on November 10, 2022, he is not entitled to equitable tolling. [ECF 20 at 15]. As a general proposition, equitable tolling applies if the litigant establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Battle v. Ledford*, 912 F.3d 708, 718 (4th Cir. 2019) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling does not, however, extend to "a garden variety claim of excusable neglect." *Irwin*, 498 U.S. at 96. Accordingly, since Mr. Parsons's claim accrued on November 10, 2022, the viability of his FTCA claim hinges on extraordinary circumstances which would permit equitable tolling.

While the Court is sympathetic to Mr. Parsons's circumstances, his brief hospitalization and incapacitation do not present the type of extraordinary facts warranting equitable tolling. *See Rouse v. Lee*, 339 F.3d 238, 248 n. 10 (4th Cir. 2003) (en banc) (noting petitioner's medical condition was not an extraordinary circumstance "because he was not in any way incompetent for a substantial part of the [limitations period]."). Accordingly, the PF&R correctly concludes Mr. Parsons' being "heavily medicated or briefly intubated" does not constitute the type of "extraordinary circumstances beyond his control" required for equitable tolling. Crucially, the time period in which Mr. Parsons was incapacitated constituted a small fraction of the two-year time bar in which he had the ability to file his claims. [ECF 19 at 16]. In the twenty-four months he had to bring this claim, he alleges he was incapacitated for no more than two weeks. Accordingly, Mr. Parsons' objection as to equitable tolling is **OVERRULED**.

## IV.

Based on the foregoing discussion, the Court **OVERRULES** Mr. Parsons's

objections [**ECF 20**], **ADOPTS** the PF&R [**ECF 19**], **GRANTS** the United States's Motion to Dismiss, in the Alternative, Motion for Summary Judgment [**ECF 8**], and **REMOVES** this matter from the docket.

The Clerk is directed to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER:        August 7, 2026

Frank W. Volk
Chief United States District Judge